IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS J. BARTELHO,**<br><br>                        Petitioner,<br><br>v.<br><br>**ANDRE MATEVUSIAN, Warden,**<br><br>                        Respondent. | Case No. 1:15-cv-01294 -MJS (HC)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2241. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 6-7.)

Petitioner filed the instant habeas petition in this Court on August 24, 2015. He is currently incarcerated at United States Penitentiary, Atwater in Atwater, California. On May 16, 1995, Petitioner was indicted on three counts of bank robbery, three counts of using firearms during crimes of violence, and one count of unlawful obstruction of interstate commerce by robbery. See United States v. v.Bartelho, 129 F.3d 663, 668 (1st Cir. 1997). Petitioner was sentenced to a term of 278 months, followed by 45 years. (See Pet. at 20.)

Despite several prior attempts to challenge his convictions, Petitioner now claims

that he is entitled to relief based on the recent Supreme Court decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). (<u>See generally</u> Pet., ECF No. 1 at 3-7.) Petitioner argues that <u>Johnson</u> holds that the imposition of an enhanced sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violates due process because the clause is too vague to provide adequate notice. <u>Id.</u> at 2557. In Petitioner's case, the court of conviction found that two Rhode Island convictions for breaking and entering qualified as crimes of violence under the residual clause of the ACCA. (<u>See</u> Pet.)

## I.    **SCREENING THE PETITION**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to this petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see</u> also <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice of pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its

own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

**II.      JURISDICTION**

A federal court may not entertain an action over which it has no jurisdiction. A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez, 204 F.3d at 865. Petitioner seeks review of his conviction and sentence under § 2241, arguing that recent Supreme Court authority directly impacts the determination and calculation of his sentence. (See Pet. at 3-7.) Because Petitioner is challenging the validity and constitutionality of his federal sentence imposed by a federal court, rather than an error in the administration of his sentence, § 2255's exclusive remedy rule bars the present petition, unless the savings clause applies.

A.      Application of The Savings Clause

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison,

519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

The Ninth Circuit further held that relief pursuant to § 2241 is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim. Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003); Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006). Accordingly, a petitioner must prove both actual innocence and lack of unobstructed procedural opportunity to demonstrate that a remedy under § 2255 is inadequate or ineffective. Ivy, 328 F.3d at 1057. As discussed in more detail below, Petitioner fails to meet either of these requirements.

B.   Retroactive Application

Petitioner argues that Johnson affords him an argument previously unavailable, rendering his § 2255 remedy "inadequate or ineffective."

Since Johnson was decided by the Supreme Court on June 26, 2015, two circuit courts have addressed whether Johnson should be applied retroactively, and arrived at differing results. See Price v. United States, 795 F.3d 731 (7th Cir. 2015) (Johnson decision regarding imposition of enhanced sentence under residual clause of ACCA announced new rule of constitutional law and is thus categorically retroactive to cases on collateral review); but see In re Rivero, 2015 U.S. App. LEXIS 14202, 2015 WL 4747749 (11th Cir. 2015) (While Johnson announced new rule of constitutional law, the rule in is not retroactive to Career Offender challenges on collateral review). No court in Petitioner's district of conviction or district of confinement have addressed the issue of retroactivity of Johnson. Retroactivity therefore remains an open question as of the date

of issuance of this order.

### C. Actual Innocence

Petitioner's attempt to seek redress by way of a petition for writ of habeas corpus under § 2241 is fatally flawed based on his failure to argue or otherwise show that he is actually innocent of the crime of conviction.

The first condition for applying the § 2255 savings clause is to make a showing of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623. Petitioner bears the burden of proof on this issue by a preponderance of the evidence. He must not only show that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000). "[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

As to establishing an actual innocence claim, Petitioner faces an obstacle - the Ninth Circuit has never extended to savings clause to a § 2241 petitioner who challenges only the enhancement of his sentence:

> We have not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch. It is clear, however, that Petitioner's claim that two of his prior offenses should no longer be considered "related," and that he was therefore incorrectly treated as a career offender, is a purely legal claim that has nothing to do with factual innocence. Accordingly, it is not a cognizable claim of "actual innocence" for the purposes of qualifying to bring a § 2241 petition under the escape hatch.
>
> Our sister circuits are in accord that petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing

enhancement.

Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012).

Here, Petitioner is not challenging duration of his 45 year sentence relating to his firearm convictions; he instead challenges the calculation of his concurrent 278-month sentence. Because Petitioner asserts a sentencing claim, and because the savings clause of § 2255 extends only to petitioners asserting claims of actual innocence regarding their convictions, not their sentences, Petitioner has not set forth a valid actual innocence claim that is cognizable under § 2241. His § 2241 petition must be dismissed.

To the extent that Petitioner contends that Johnson announces a new substantive rule of constitutional law that applies retroactively to final convictions or sentences which are being challenged through collateral means, he is not without a remedy. He can pursue his challenge in the United States District Court for the District of Maine which imposed his sentence via the mechanism of a successive § 2255 motion. To proceed in that manner, Petitioner must first seek and obtain permission from the First Circuit Court of Appeals to file a successive § 2255 motion. If the First Circuit interprets Johnson as a new substantive rule of constitutional law applying retroactively to cases which have become final, Petitioner can bring his retroactive Johnson sentencing challenge in the Maine district court where he was originally sentenced.[1]

For the reasons set forth above, Petitioner has not demonstrated that he is actually innocent of the offenses for which he was convicted. Because Petitioner is not entitled to relief under § 2241, his habeas petition will be denied and this proceeding will be dismissed for lack of jurisdiction.

---

[1] For a second or successive motion under 28 U.S.C. § 2255 to be considered by a district court, a panel of the appropriate court of appeals must first certify that the motion contains either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); see also 28 U.S.C. § 2244. On this requirement, "[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L. Ed. 2d 632 (2001).

## III. CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that no reasonable jurist would find the Court's determination that Petitioner is not entitled to federal habeas corpus relief wrong or debatable, nor would a reasonable jurist find Petitioner deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## IV.     ORDER

Petitioner is not entitled to relief with regard to the claims presented in the instant petition. Accordingly, IT IS HEREBY ORDERED:

1) The petition is DISMISSED for lack of jurisdiction;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   September 18, 2015            /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE